IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>**WILLIAM P. IRWIN**<br><br>　　　　**Debtor.**<br>_____<br><br>**THOMAS H. OHANIAN,**<br>　　　　**Appellant**,<br>　　v.<br>**WILLIAM P. IRWIN,**<br>　　　　**Appellee.**<br>_____ | **DISTRICT COURT CASE**<br>**NO. CIV-F-05-0940 AWI**<br><br>**BANKRUPTCY COURT CASE**<br>**NO. 04-19318-A-7**<br><br>**ORDER GRANTING**<br>**TEMPORARY STAY AND**<br>**SETTING HEARING FOR**<br>**FEBRUARY 27, 2006** |

　　　This is an appeal of a bankruptcy court order dated July 11, 2005, that granted a motion to avoid judicial liens ("OAL") on a subject property. On September 12, 2005, the bankruptcy court issued a temporary stay of the OAL,; the bankruptcy court explicitly refused to grant a stay lasting the duration of the appeal. The bankruptcy court stay ends 30 days after the issuance of any subsequent order granting a motion to abandon the subject property. Though there is some uncertainty, it appears that the bankruptcy court has issued such an order on January 13, 2006; the stay will likely expire on February 13, 2006. Appellant Thomas Ohanian now seeks a stay of the OAL from district court. He has filed an ex parte application for an order shortening time to allow for a hearing on February 13, 2006 or, in the alternative, for an order temporarily staying

effectiveness of the OAL pending a full hearing on the matter in district court. Doc. 7. Appellee William Irwin opposes both of Ohanian's requests. Doc. 11. Irwin states that Ohanian could have approached the district court for a more permanent stay of the OAL any time after September 12, 2005. While this is true, neglecting to seek a more permanent stay while a perfectly valid stay is in effect is not a wholly unreasonable course of action. Ohanian has been tardy in seeking a stay from the district court since the issuance of the January 13, 2006, order granting the motion to abandon the subject property, but a two week delay should not wholly cut off the matter in this instance.

Irwin states that if the court is inclined to provide some relief, he would prefer holding a hearing on February 13, 2006 rather than staying the OAL until such time as a hearing might be held with the benefit of full briefing. That schedule (which envisions a reply brief being filed by 9 AM the morning of the hearing) is not feasible. Irwin acknowledges that "[a] cursory review of Ohanian's 23 pages of Memorandum of Points and Authorities in Support of his Motion will reveal that such Motion involves complicated issues of law that will require significant legal research and briefing on behalf of Appellee." Doc. 11, at 2:8-10. The court agrees and notes that Irwin is not the only one who requires time to digest the issues. A temporary stay of two weeks to allow fuller briefing is the best compromise.

In order to aid this process, the court would like to focus the briefing on the most relevant issues. From limited research, the court understands the applicable standard of review as follows: "[A]ppellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge. Nevertheless, only in the former situation does the appellate tribunal normally exercise its own discretion; in other instances (such as where the trial court has denied the stay) the appellate court simply determines whether the trial court abused its discretion." In re Wymer, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980). "In determining the propriety of issuing a stay pending an appeal, it is well-settled that the decision of whether to grant or lift a stay is committed to the sound

discretion of the court. Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. It is equally well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993).

Accordingly, it is ORDERED:

1. The effectiveness of the Order Granting Motion to Avoid Judicial Liens of the Bankruptcy Court entered in Case No. 04-19318-A-7, is stayed until 6 PM Tuesday, February 28, 2006.

2. A hearing on Appellant's Motion for Order Granting Stay Pending Appeal shall be held at 1:30 PM Monday, February 27, 2006.

3. Any opposition to the motion shall be filed by 4 PM Wednesday, February 15, 2006, 2006.

4. Any reply to the opposition shall be filed by 4 PM Tuesday, February 21, 2006.

IT IS SO ORDERED.

Dated:   **February 3, 2006**              /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE