IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>WILLIAM P. IRWIN<br><br>　　　　Debtor.<br>_____<br><br>THOMAS H. OHANIAN,<br><br>　　　　Appellant,<br><br>　v.<br><br>WILLIAM P. IRWIN,<br><br>　　　　Appellee.<br>_____ | DISTRICT COURT CASE<br>NO. CIV-F-05-0940 AWI<br>BANKRUPTCY COURT CASE<br>NO. 04-19318-A-7<br><br>DISTRICT COURT CASE<br>NO. CIV-F-06-0181 AWI<br>BANKRUPTCY COURT CASE<br>NO. 04-19318-A-7<br><br>ORDER CONSOLIDATING<br>CASES AND SETTING<br>REVISED BRIEFING<br>SCHEDULE |

　　　Before the court are two appeals that arise out of one bankruptcy proceeding. Appellant Ohanian had a judicial lien on real property owned by Appellee Irwin. On November 3, 2004, Irwin filed for Chapter 7 bankruptcy and passed away soon after. His daughter, Tracy Barry, moved to avoid Ohanian's judicial liens pursuant to a California homestead exemption and moved to substitute herself in as a party. Judge Rimel granted both motions. Ohanian appealed these rulings to the district court (05-0940). Subsequently, Judge Rimel granted Barry's motion to compel the Chapter 7 trustee to abandon the real property in question. Ohanian also appealed this ruling (06-0181). Appellant now Ohanian seeks consolidation of the two appeals as they cover similar issues related to the same piece of real property. He also requests the briefing

schedule be revised, pushing back the deadline for Appellant's opening brief into April.  Ohanian represents that opposing counsel does not oppose either consolidation or a delayed briefing schedule. Doc. 23, at 6:22-24; Doc. 24, at 5:17-21.  The court has confirmed these representations with appellee's attorney.

       As Ohanian points out, consolidation of bankruptcy appeals is proper when the cases are sufficiently related. See <u>Universal Life Church v. United States</u>, 128 F.3d 1294, 1300 (9th Cir. 1997) ("the two cases were sufficiently related to permit consolidation....The district court's action was appropriate: the two appeals originated out of the same bankruptcy matter and involved the same parties").  As these two appeals involve the same parties, the same subject property, and related legal issues, consolidation is warranted.

       Ohanian requests that "the Court also permit a single principal brief to each party of up to 75 pages rather than 50 pages for each brief in each appeal as otherwise required by F.R.B.P. 8010(c)." Doc. 23, at 6:7-10.  Fed. R. Bankr. Proc. 8010(c) states "Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material."  The order setting out the initial briefing schedule stated clearly that "The length of opening briefs of appellant and appellee shall not exceed thirty (30) pages. The appellant's reply brief, if any, shall not exceed twenty (20) pages." Doc. 14.  This case involves two appeals but they are intricately connected.  Since they share the same factual background and many legal arguments are likely to be applicable to both, the length of the briefs need not be greatly expanded.  The opening briefs are limited to forty pages, and the reply brief is limited to twenty pages, exclusive of tables of content, tables of citations, and any addendum containing statutes, rules, regulations, or similar material.

       Accordingly, it is ORDERED:

<u>Thomas N. Ohanian v. William P. Irwin</u>, CV-F-06-0181 AWI is CONSOLIDATED with

1  Thomas N. Ohanian v. William P. Irwin, CV-F-05-0940 AWI for all purposes as one action with
2  Thomas N. Ohanian v. William P. Irwin, CV-F-05-0940 AWI as the lead case number.  All
3  further filed papers are to bear the title Thomas N. Ohanian v. William P. Irwin, CV-F-05-0940
4  AWI.  The clerk of this court is directed to file a copy of this Order in Thomas N. Ohanian v.
5  William P. Irwin, CV-F-06-0181 AWI.  No further papers are to be filed in Thomas N. Ohanian
6  v. William P. Irwin, CV-F-06-0181 AWI.

Appellant's opening brief must be filed by 4 PM, April 21, 2006 and shall not exceed forty (40) pages.

Appellee's opening brief must be filed by 4 PM, May 12, 2006 and shall not exceed forty (40) pages.

Appellent's reply brief must be filed by 4 PM, May 26, 2006 and shall not exceed twenty (20) pages.

IT IS SO ORDERED.

**Dated:   March 21, 2006**            _____/s/ Anthony W. Ishii_____
0m8i78                                 UNITED STATES DISTRICT JUDGE